IN THE UNITED STATES DISTRIC COURT
FOR THE WESTERN DISTRICT OF PENNSYLVAVIA

| | |
|---|---|
| SWEET GRACE DISTILLING CO.,<br>        Plaintiff,<br><br>    v.<br><br>CARIBBEAN DISTILLERS LLC,<br>        Defendant. | §<br>§<br>§<br>§     Case No. 2:23-cv-213<br>§<br>§<br>§ |

### SWEET GRACE DISTILLING CO.'S COMPLAINT FOR DECLARTATORY JUDGMENT OF NON-INFRINGEMENT

Plaintiff SWEET GRACE DISTILLING CO. for its Complaint against Defendant CARIBBEAN DISTILLERS LLC, would respectfully show the Court as follows:

### NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act and the trademark laws of the United States in which Plaintiff SWEET GRACE DISTILLING CO. seeks a declaratory judgment that it does not infringe Defendant CARIBBEAN DISTILLERS LLC's alleged rights in the trademark SURF SIDE, including of its Registered trademark No. 4372700 SURF SIDE & Design, shown below.



### JURISDICTION AND VENUE

2. This action arises under the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Trademark Act, 15 U.S.C. § 1051 *et seq.*

3. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4. Personal jurisdiction over Defendant is proper in this District because of its presence in this judicial district.

5. Venue is proper in this district under at least 28 U.S.C. § 1391(b)(1) and (b)(3) because Defendant is subject to personal jurisdiction in this judicial district.

## PARTIES

6. Plaintiff Sweet Grace Distilling Co. ("Sweet Grace") is a limited liability corporation under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 1700 North Hancock Street, Philadelphia PA 19122.

7. Defendant Caribbean Distillers LLC ("Caribbean") is a limited liability corporation under the laws of Florida, having its principal place of business at 530 N Dakota Avenue, Lake Alfred FL 33850.

8. Both parties are engaged in the distribution of alcoholic beverages on a nationwide scale.

## THE EXISTENCE OF AN ACTUAL CONTROVERSY

9. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

10. Sweet Grace is selling alcoholic iced tea under the trademark SURFSIDE & Design, see below.



11.     In February 2021, it filed an application for registration of its trademark SURFSIDE & Design, see below, for Distilled spirits, under application no. 90527945.



12.     During the Trademark Office's examination of that application, Sweet Grace became aware of Caribbean's trademark registrations nos. 4372700 SURF SIDE & Design, shown below for Prepared wine cocktails, and 5914937 SURF SIDE (words) for Distilled spirits; Wine; Alcoholic fruit cocktail drinks; Prepared alcoholic cocktail and a pending application no. 90230013 SURF SIDE MIMOSA (words) for Wine; Spirits and liqueurs.



13.     On learning of Caribbean's registrations and applications, Sweet Grace initiated inquiries as to the nature and extent of Caribbean's use of the trademark SURF SIDE to ascertain whether there was any likelihood of confusion between Sweet Grace's use of its SURFSIDE & Design trademark and Caribbean's SURF SIDE trademark. Although the inquiries showed that Caribbean was active in distributing alcoholic drink products, no distribution of a product under the trademark SURF SIDE was found.

14.     At that time, Caribbean's website at www.floridadistillers.com, included a section for Caribbean's brands which listed the following brands CAPRICCIO SANGRIA, CAPRICCIO

SPIRITS CO., CLUB CARIBE RUM, CRAFT CIDER, MAD DRAGON and RON CARLOS RUM. Attached as Exhibit A is a true and correct copy of a screen shot of www.floridadistillers.com at that time and a printout of all of the brand catalogue is attached hereto as Exhibit B.

15. Sweet Grace also noted the absence of marketing, pre-release marketing, or re-release marketing by Caribbean for any brand using the mark SURF SIDE. Conspicuously missing from Caribbean's website was any mention of the brand SURF SIDE or any indication that a product bearing the mark SURF SIDE was in production or had ever been in production by Caribbean. In fact, an internet search for Surf Side alcoholic beverages did not return a single result which in any way related to Caribbean.

16. As a result of its investigation, Sweet Grace concluded that Caribbean was not using the mark SURF SIDE and had no immediate plans to do so. It informed the Trademark Office of this. Nevertheless, the Trademark Office continued its refusal of Sweet Grace's application because of the existing registrations owned by Caribbean.

17. On or about August 6, 2022, Clement Pappas of Sweet Grace called Caribbean and left a message, stating that he wanted to discuss the companies' respective use of the marks SURF SIDE/SURFSIDE. On August 6, Mr. Russ Kuck, responded by email, stating:

> Greetings Clement,
> My apologies for the late response. The appropriate person to discuss your label issue will be Curt Woods at Florida Caribbean distillers.
> Curt.woods@floridadistillers.com
> Best wishes
> Russ Kuck
> VP, Northeast Division Sales and On Premise Strategic Accounts
> Florida Caribbean Distillers

18. As suggested, Mr. Pappas contacted Mr. Woods by email on August 8, writing:

Curt:

> I hope all is well with you. Got your contact from Russ Kuck via John Devin at Fedway and it seems we share a nice relationship there.
> The reason for my email is that we have a trademark pending on the name "Surfside" for our RTD Iced Teas and it seems that Florida Caribbean has a mark registered for that name, but is not in circulation. Our trademark attorney is advising that we go to litigation, but was hoping we could settle this amicably without all the legal nonsense!
> If you could let me know a good time to connect, I would appreciate it. Or call me at 609-805-5000.
> Best,
> Clement Pappas
> Stateside Vodka

19. Mr. Woods responded the same day in an email stating:

> Hi Clement,
> We have the brand registered and recent TTB approvals. Already Authorized at a major Retailer for launch as soon as supply chain in order.
> Curt A. Woods
> President Florida Caribbean Distillers

20. To which Mr. Pappas replied that same day:

> Gotcha. Would you have 5 minutes for a call? Would love to see if we could work out a win-win situation on this.
> Best,
> Clement Pappas

21. Mr. Woods did not respond until August 25, when he sent Mr. Pappas an email reading:

> I will reach out later today so you can understand our launch.

22. However, Mr. Woods never "reached out" to Mr. Pappas and never provided any details of the alleged "launch" of Caribbean's product.

23. At Sweet Grace's request, in October 2022, Kirby Cronin, its attorney, contacted Arena Cristina of the law firm Ferraiuoll LLC, of San Juan, PR, who was identified in the Trademark Office records as the Attorney of Record for Caribbean's trademark registration. In the week of October 5, 2022, Mr. Cronin left several voicemails at Ms. Arenas' office. But she did not

return his calls, On October 12, 2022, Mr. Cronin sent an email to Ms. Arenas explaining that he represented Sweet Grace and wanted to discuss the parties' respective trademarks and potential conflict with Madaket LLC, which owned an existing registration of SURFSIDE for restaurant and bar services. She did not reply and on October 19, Mr. Cronin followed up by email asking her to call him. In response, Ms Arenas said she needed to "confirm" with her client and would get back to him.

24. Hearing nothing, Mr. Cronin sent a further email on October 25 again stating that he would like to discuss the SURFSIDE trademarks. Ms Arenas asked Mr. Kirby's availability during the week of October 31. Mr. Cronin proposed November 3rd or 4th. Ms. Arena's said Thursday November 4th was good for her and Mr. Cronin scheduled a call for 11:00 am on that day.

25. Ms. Arenas accepted the invitation. However, she did not join the call on November 3 and Mr. Cronin asked in an email that she call him and she sent an email proposing they talk the next day. Mr. Cronin said he was available and suggested in an email they talk before 11:00 am Central or after 12:30 pm Central. He did not hear back and on November 4 sent an email asking if they could talk that afternoon. When he received no reply, he sent a further email on Monday, November 7 asking if Ms Arenas was available that week. On Friday, November 11, after hearing nothing, Mr. Cronin asked Ms. Arenas in an email whether it would be possible to schedule a call for the next week. He never received a reply.

26. As a result of what Caribbean said in the correspondence and their refusal to talk to Sweet Grace about its use of SURFSIDE, Sweet Grace reasonably concluded that Caribbean intended to attempt to prevent its use of SURFSIDE relying on the trademark registrations and pending application identified in Section 12 above.

27. Based on the foregoing, there is an actual and justiciable controversy between Sweet Grace and Caribbean as to whether Sweet Grace's use of the trademark SURFSIDE & Design for its products infringes Caribbean's trademark rights.

28. Absent a declaration of non-infringement, Caribbean will continue to wrongfully allege that Sweet Grace's use of the trademark SURFSIDE & Design on its alcoholic iced tea products infringes Caribbean's trademark rights, thereby causing Sweet Grace irreparable injury and damage.

29. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

30. A judicial declaration is necessary and appropriate so that Sweet Grace may ascertain its rights regarding its use of the trademark SURFSIDE & Design.

31. Sweet Grace is entitled to a declaratory judgment that its use of SURFSIDE & Design as a trademark for its products does not infringe and has not infringed any trademark right of Caribbean for at least the following reasons: Caribbean's registrations were obtained by fraud and should be cancelled. Caribbean's Registration Nos. 4372700 SURF SIDE & Design and 5914937 SURF SIDE (word) are invalid and unenforceable because Caribbean has never used the mark SURF SIDE in commerce for the goods of the registrations or any other goods. Application no. 90230013 SURF SIDE MIMOSA (words) for Wine; Spirits and liqueurs was filed on October 2020 on the basis of Caribbean's intent to use the trademark for those goods. 15 USC §1051(b). Caribbean has not used the trademark for any of those goods and, on information and belief, did not have a bona fide intention of using the mark for those goods when it filed the application. The application is therefore void *ab initio* and cannot result in a valid and enforceable registration.

**PRAYER FOR RELIEF**

WHEREFORE, Sweet Grace respectfully requests that the Court enter a Judgment and Order against Caribbean as follows:

(a) adjudging that Sweet Grace has not infringed and is not infringing Caribbean's rights in its trademark registrations No. 4372700 SURF SIDE & Design and 5914937 SURF SIDE (word);

(b) a judgment that trademark registrations No. 4372700 SURF SIDE & Design and 5914937 SURF SIDE (word) were obtained by fraud and should be cancelled;

(c) a judgment that the trademarks of registrations No. 4372700 SURF SIDE & Design and 5914937 SURF SIDE (word) have been abandoned and that the registrations thereof should be cancelled.

(d) a judgment that Caribbean, and each of its officers, directors, agents, counsel, servants, employees and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Sweet Grace is infringing any right of Caribbean in the mark SURF SIDE or from instituting or initiating any action or proceeding alleging infringement of any rights in the trade mark SURF SIDE against Sweet Grace or any customers, manufacturers, users, importers, or sellers of Sweet Grace's SURF SIDE products.

(e) declaring Sweet Grace to be the prevailing party and this case as exceptional, and awarding Sweet Grace its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1116;

(f) that Caribbean be ordered to pay all fees, expenses and costs associated with this action; and

(g) awarding such other and further relief as this Court deems just and proper.

Dated: February 1, 2023.

        Respectfully submitted,

        /s/ P.Chad Schneider
        P. Chad Schneider
        Pennsylvania Bar No.#201507
        CAPUTO LAW OFFICE
        204 Fifth Avenue
        Pittsburgh, PA 15222
        (412) 690 0300 (phone)
        (412) 690 2350 (fax)
        Caputo2922@gmail.com

        John M. Cone
        Texas Bar No. 04660100
        FERGUSON BRASWELL FRASER KUBASTA P.C.
        2500 Dallas Parkway, Suite 600
        Plano, Texas 75093
        (972) 378-9111 (phone)
        (972) 378-9115 (facsimile)
        E-Mail: jcone@fbfk.law
        (*Pro Hac Vice* to be filed)

        Kirby Cronin
        Texas Bar No. 00793566
        FERGUSON BRASWELL FRASER KUBASTA PC
        4301 Westbank Drive
        Building B, Suite 270
        Austin, Texas 78746
        (512) 703-1400 (phone)
        E-mail: kcronin@fbfk.law
        (*Pro Hac Vice* to be filed)

        ATTORNEYS FOR PLAINTIFF
        SWEET GRACE DISTILLING CO.